FILED
98 JUN -4 PM 3:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 5 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HOMER L. DAILY, et al.,      )
                             )
        Plaintiffs,          )
                             )
vs.                          )    CIVIL ACTION NUMBER
                             )
M & J MATERIALS, INC.,       )    98-C-0360-S
                             )
        Defendant.           )

**MEMORANDUM OF OPINION ON MOTION TO REMAND**

The plaintiffs, Homer and Evylon Daily, have done all that they can do to make it clear that they do not wish their claims to be disposed of in a federal forum.

They filed their workers' compensation and related claims against the defendant M & J Materials, Inc. in the Circuit Court of Jefferson County, Alabama. Unfortunately for them, language used in the complaint provided a colorable basis for the defendant's removal of the case to this court, on the ground that several of the plaintiffs' claims were preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1162 *et seq.* ("ERISA"). In an amended complaint, the plaintiffs have totally disavowed any intention of seeking under the disability insurance program.

The crux of the plaintiffs' claim is that the defendant fraudulently and negligently misdirected plaintiff Homer Daily to

15

Case 2:98-cv-00360-UWC   Document 15   Filed 06/04/98   Page 2 of 4

apply for benefits under the disability insurance program in an effort to defeat his right to workers' compensation benefits. In this action, he sues for workers' compensation benefits, compensatory damages, and punitive damages. His wife sues for loss of consortium.

The plaintiffs have moved to remand the case to state court.

The defendant resists remand, on the twin grounds that the plaintiffs' claims "relate to" the disability insurance program-admittedly an ERISA plan, and that the plaintiffs' claims "attack the administration of an ERISA plan." Response of Defendant M & J Materials, Inc. to Plaintiffs' Motion To Remand, pp. 4-11. Neither of the grounds is viable.

I

A state law is preempted by ERISA if it "relates to" an employee benefit plan. The dictionary definition of "relates to" is utilized by the courts--i.e., if the law has a connection with or reference to a benefit plan, it relates to the plan. Although the preemption clause of ERISA is "conspicuous for its breath," the clause is not unlimited in scope. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990).

Where, for example, a state law required payment of severance benefits, which ordinarily would be considered as

2

"relating to" a benefit plan, the Supreme Court held that the statute was not preempted because it did not require the establishment or maintenance of an ongoing plan. *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987). Consistent with *Fort Halifax* is the teaching of the Eleventh Circuit's *Sanson v. General Motors Corp.*, 966 F.2d 618, 621 (11th Cir. 1992): "a law normally would not be preempted if the statute did not require the establishment or maintenance of an ongoing plan, or if a statute makes no reference to, **or functions irrespective of**, a plan." (emphasis added).

In this case, the amended complaint's reference to a benefits plan is merely incidental, peripheral at best. In terms of the relief sought by the plaintiffs or the impact on the ERISA plan of the defendant, the plaintiffs might just as easily have contended that the defendant referred Homer Daily to social security benefits, rather than disability insurance benefits, in an effort to tortiously divert his attention away from the workers' compensation benefits to which he maintains he is entitled. By no stretch of any reasonable imagination can it be said that the existence or maintenance of the defendant's ERISA plan is crucial to the survival of the plaintiffs' claims.[1]

---

[1] The defendant is correct in its assertion that: "if, but for the existence of the ERISA plan, a plaintiff would have no claim, the claim relates to an ERISA plan and is preempted by

As noted in *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1407 (11th Cir. 1994):

> In the present case--in which ERISA applies only peripherally, if at all--it would defy common sense to allow ERISA to preempt a State law fraud claim. The Alabama fraud Statute at issue in this case does not require the establishment or maintenance of an ongoing plan, and functions irrespective of any such plan.

No less can be said of the plaintiffs' claims in this case.

II

The defendant's contention that the plaintiffs' claims attack the administration of an ERISA plan is specious, utterly devoid of merit and undeserving of comment.

By separate order, the cause will be remanded to the Circuit Court of Jefferson County, Alabama.

DONE this 4th day of June, 1998.

_____<br>
UNITED STATES DISTRICT JUDGE<br>
U. W. CLEMON

---

ERISA." Defendant's Brief, p. 9. Here, the bedrock of the plaintiff's claims is that the defendant defrauded Homer Daily.